UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TROY T LIEN,

    Plaintiff,

v.

NANCY A. BERRYHILL, Deputy Commissioner of Social Security for Operations,

    Defendant.

CASE NO. 3:17-CV-05603-JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Consent to Proceed before a United States Magistrate Judge, Dkt. 2). This matter has been fully briefed. *See* Dkt. 11, 16, 17.

After considering and reviewing the record, the Court concludes that the ALJ failed to consider a probative medical opinion. In this case, the ALJ afforded significant weight to a nonexamining physician's opinion. However, another nonexamining physician offered a contradictory opinion from the same time period, which the ALJ failed to discuss. This omission

was not harmless error because the omitted opinion, which supported plaintiff's claim, may have resulted in a different disability determination.

## BACKGROUND

Plaintiff, TROY T. LIEN, was born in 1964 and was fifty years old on the amended alleged disability onset date of October 26, 2014. *See* AR. 22, 44, 178-81, 182-87. Plaintiff completed the 12th grade. AR. 47. Plaintiff has a work history in manual labor. AR. 227-38.

According to the ALJ, plaintiff has at least the severe impairments of "chronic obstructive pulmonary disease (COPD); hepatitis C; degenerative joint disease of the lumbar spine; and major depressive disorder (20 CFR 404.1520(c) and 416.920(c))." AR. 24.

At the time of the hearing, plaintiff was staying with friends and sleeping on the couch. AR. 53-54.

## PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration. *See* AR. 69, 70, 91, 92. Plaintiff's requested hearing was held before Administrative Law Judge Gary Elliott ("the ALJ") on September 2, 2015. *See* AR. 41-68. On November 12, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. *See* AR. 19-39.

| | |
|---|---|
| 1 | STANDARD OF REVIEW |
| 2 | Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of |
| 3 | social security benefits if the ALJ's findings are based on legal error or not supported by |
| 4 | substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th |
| 5 | Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)). |
| 6 | |
| 7 | DISCUSSION |
| 8 | In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether the ALJ |
| 9 | provided sufficient reasons to reject plaintiff's subjective claims of need for irregular breaks and |
| 10 | naps during the day; (2) Whether the ALJ provided sufficient reasons to reject the lay testimony; |
| 11 | (3) Whether the record was complete without any medical source statements from the period at |
| 12 | issue; (4) Whether the ALJ erred in passing over Dr. Hurley's opinion; and (5) Whether, given |
| 13 | these errors, the RFC and hypothetical questions were complete such that substantial evidence |
| 14 | supported the step five findings. *See* Dkt. 11, p. 1. Because issue (4) is dispositive, this issue is |
| 15 | discussed first. |
| 16 | **I. Whether the ALJ erred in passing over Dr. Hurley's opinion.** |
| 17 | Plaintiff alleges that the ALJ erred by "pass[ing] over in silence" the medical opinion of |
| 18 | nonexamining physician Dr. Hurley. Dkt. 11, p.9. The ALJ "may reject the opinion of a non- |
| 19 | examining physician by reference to specific evidence in the medical record." *Sousa v.* |
| 20 | *Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th |
| 21 | Cir. 1996)); *Andrews v. Shalala,* 53 F.3d 1035, 1041(9th Cir. 1995). However, all of the |
| 22 | determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss v.* |
| 23 | |
| 24 | |

*Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Dr. Hurley reviewed plaintiff's medical file and issued an opinion stating that plaintiff's functional limitations restricted him to sedentary activities. AR. 483. Further, Dr. Hurley opined that it was questionable that plaintiff's COPD would improve even if plaintiff's pneumonia cleared. *Id.* The ALJ did not reject Dr. Hurley's opinion by reference to a specific record; in fact, the ALJ did not discuss the opinion at all. The Ninth Circuit has held that "where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs." *Garrison v. Colvin,* 759 F.3d 995, 1012 (9th Cir. 2014) (*citing Nguyen v. Chater*, 100 F.3d 1462, 1464 (9th Cir. 1996)). Moreover, the Commissioner "may not reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (*quoting Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984)). The "ALJ's written decision must state reasons for disregarding [such] evidence." *Id.* at 571. Because the ALJ did not explain why he might be rejecting Dr. Hurley's opinion, his decision is not supported by substantial evidence.

The ALJ gave significant weight to Dr. Rubio, a nonexamining medical source, and partial weight to Dr. Davenport, an examining medical source. AR. 31. The ALJ relied on Dr. Rubio's opinion stating it was consistent with the record as a whole. *Id.* Dr. Hurley's opinion was not mentioned in the ALJ decision. Doctors Hurley and Rubio reached different conclusions regarding plaintiff's functional capacity. Dr. Hurley opined that plaintiff was limited to a sedentary exertional level. AR. 483. Dr. Rubio opined that plaintiff was capable of a medium exertional level. AR. 31, 100. The ALJ has the authority to reconcile contradicting evidence in the record, but cannot reject a probative opinion without explanation. *Flores, supra*, 49 F.3d at

570-71 (citations omitted). Had he discussed Dr. Hurley's opinion, the ALJ would be required to reject it by "reference to specific evidence in the medical record." *Sousa, supra*, 143 F.3d at 1244 (citations omitted). Because he overlooked Dr. Hurley's opinion, the ALJ erred.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Marsh v. Colvin,* 792 F.3d 1170, 2015 U.S. App. LEXIS 11920 at *7-*8 (9th Cir. July 10, 2015) *(citing Stout,* 454 F.3d at 1055-56) (noting that where the ALJ did not even mention a doctor's opinion that plaintiff was "pretty much nonfunctional," it could not "confidently conclude" that the error was harmless); *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)).

Here, the omission of Dr. Hurley's opinion is not harmless because Dr. Hurley opined that plaintiff was limited to sedentary work. AR. 483. At the sedentary exertional level, plaintiff would have been per se disabled pursuant to the Medical Vocational Guidelines because of his age, education, and work history. *See* AR. 33; 20 C.F.R § 404, Subpart P, App. 2 § 201.12. Therefore, the ALJ's consideration of this opinion may have resulted in a different disability determination.

Defendant believes this oversight is harmless error because a nonexamining medical source is entitled to less weight than an examining medical source. Dkt. 16, p. 6. Defendant refers to Dr. Hurley's opinion as a "one page 'review' from a reviewing physician at [a state agency]" without explaining how this reviewing physician, Dr. Hurley, is entitled to less weight

than the Commissioner's reviewing physician, Dr. Rubio, to whom the ALJ gave significant weight. Dkt. 16, p. 5-6; AR. 31. Because both are non-examining physicians, Dr. Rubio's opinion does not automatically trump Dr. Hurley's opinion in terms of weight. *See Lester, supra*, 81 F.3d at 830 (citations omitted). Defendant attempts to convince this Court that the ALJ would have rejected Dr. Hurley's opinion, however the ALJ is responsible for reconciling contradictory evidence. *See Reddick v. Chater,* 157 F.3d 715, 722 (9th Cir. 1998) (citations omitted). Notably, this case does not have a treating physician's opinion and has only one examining physician's opinion, to which the ALJ afforded only partial weight. *See* AR. 31. Moreover, Dr. Hurley's opinion was issued within months of Dr. Rubio's opinion. AR. 101, 483. The dearth of medical opinions from the later time period makes Dr. Hurley's opinion even more probative.

Defendant states that this Court should reject Dr. Hurley's medical opinion because plaintiff has experienced improvement in his condition. Dkt. 16, p. 7. However, stability or improvement in a condition is not necessarily inconsistent with a finding of disability. A statement of "improvement" is conclusory without showing that the individual's ability to work was restored. *See Garrison v. Colvin,* 759 F.3d 995, 1017 (9th Cir. 2014) ("it is error for an ALJ to pick out a few isolated instances of improvement over a period of months or years and to treat them as a basis for concluding a claimant is capable of working.") Here, there is no discussion by the ALJ as to what extent plaintiff's condition improved, nor whether he improved to the point that he is able to work. Therefore, the ALJ may wish to revisit this issue upon remand, but this Court does not wish to engage in "*post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (*citing SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)).

This Court notes that defendant concludes her argument by irrelevantly noting plaintiff's history of drug use. Dkt. 16, p. 13. The ALJ did not list substance abuse as one of plaintiff's severe impairments and noted that plaintiff has maintained sobriety since 2013. AR. 24-25. It is unclear why defendant concluded her defense with this factor when the ALJ did not raise this issue in his decision. As drug use is not a factor in this claim, this Court will not consider it as a factor in this Order.

**II. Plaintiff's remaining arguments.**

Plaintiff also alleges that the ALJ improperly rejected plaintiff's subjective claims, improperly rejected lay testimony, and failed to fully develop the record, which ultimately lead to an erroneous step five determination. This Court has determined that the ALJ failed to address probative evidence. Thus, the ALJ's evaluation of the other issues plaintiff raises may change after revisiting the overlooked evidence. Accordingly, this Court remands for further consideration of plaintiff's claim.

### CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

Dated this 13th day of August, 2018.

J. Richard Creatura
United States Magistrate Judge